[No. 11916. Department Two. September 17, 1914.]

JOHN G. F. HIEBER, *Appellant*, v. THE CITY OF SPOKANE, *Respondent*.[1]

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—NEGLIGENCE—DAMAGE TO ABUTTERS—EVIDENCE—SUFFICIENCY. The evidence is insufficient to show the measure of damages resulting to a building through negligent acts of a city in the construction of a bridge, caused by vibration from the running of machinery and the casting of soot, cinders, and grease upon and against the building, where it fails to show to what extent the damage was increased by the city's negligence beyond that necessarily resulting from a prosecution of the work in a manner free from negligence, there being no attempt to prove the amount of damages resulting from the city's negligence apart from the resulting consequential damages for which the city was not liable.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered November 26, 1913, in favor of the defendant, upon withdrawing the case from the

[1]Reported in 142 Pac. 1171.

jury at the close of plaintiff's case, in an action for damages to property by reason of obstructions in a street. Affirmed.

*E. O. Connor,* for appellant.

*H. M. Stephens, Wm. E. Richardson, Ernest E. Sargeant,* and *Dale D. Drain,* for respondent.

PARKER, J.—This is a second appeal of this cause. In disposing of the former appeal, we granted a new trial to the city, our decision being reported in 73 Wash. 122, 131 Pac. 478. The plaintiff seeks recovery for damages which he claims the city caused to his building while carrying on the construction of the Monroe street bridge, a public improvement, upon the approach of which the building fronts. The damages are claimed to be the result of the city casting from its engine and machinery, used in the construction and located in the street near the building, soot, cinders, grease, etc., upon and against the building, and also from the vibrations of the earth and building, caused by the running of the engine and machinery. At the close of the plaintiff's evidence, the trial court, upon motion of counsel for the city, took the case from the jury, deciding, as a matter of law, in substance, that the evidence was such as to render it impossible for the court or jury to determine what portion of the claimed damage was the result of negligence on the part of the city, and what portion thereof was necessarily incident to the doing of such public work free from negligence, and, the city not being liable for mere consequential damages such as would necessarily result from the proper doing of the work, but only liable for damages resulting from its negligence, there was no evidence by which damages caused by the city's negligence could be measured. From this disposition of the cause, the plaintiff has appealed.

Our disposition of the cause upon the former appeal, granting a new trial to the city, was rested upon the ground that the court refused requested instructions predicated upon the theory of negligence, the effect of the court's instruc-

tions being that, although the city might occupy the street, it could not use it or the appliances necessary to carry on its public work without being liable for damages which might result therefrom to the plaintiff, regardless of whether such damage was caused by the city's negligence or necessarily resulted from the proper doing of the work. By that decision, it became the settled law of the case that the city could be held liable only for damages resulting from its negligence. The cause was remanded to the trial court for a new trial upon this theory.

The only question to be considered here is: Was the evidence offered in behalf of the plaintiff such as to enable the jury to measure the amount of his damage resulting from negligent acts of the city? Counsel for appellant assert that such measure of damage was capable of being made by the jury from the evidence introduced. Counsel, however, has not called our attention to any particular portions of the evidence so indicating in his brief, nor does he cite us to pages of the abstract of the evidence or statement of facts where any such evidence may be found. We have, however, carefully read all of the evidence as contained in his abstract of the evidence, and are unable to find therein any measurable amount of damage resulting to appellant's building from negligent acts of the city. The evidence does tend to show inconvenience and financial loss of some considerable seriousness resulting to appellant from the construction of this public work by the city, by reason of its proximity to his building. We may go further and say that the evidence tends to show some degree of negligence on the part of the city, but it wholly fails to show to what extent appellant's damage was increased by the city's negligence beyond that which would have necessarily resulted to appellant from the prosecution of the work by the city in a manner free from negligence, for which consequential damages the city was not liable. We agree with the learned trial judge that there was no evidence furnishing any measure of

damage resulting from the negligent acts of the city. Indeed, there was no attempt to make any proof of the amount of damages resulting from the city's negligence separate from the manifestly large proportion of resulting consequential damage for which the city was not liable.

We conclude that the learned trial judge properly disposed of the cause, and the judgment is therefore affirmed.

CROW, C. J., FULLERTON, MORRIS, and MOUNT, JJ., concur.